UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/6/13
```

LAWRENCE WELLS,

        Plaintiff,

v.

REPUBLIC OF THE SEYCHELLE
GOVERNMENT et al.,

        Defendants.

11 Civ. 1907 (LBS)

**ORDER**

SAND, J.

    On April 28, 2011, we directed *pro se* Plaintiff Lawrence Wells to serve a Summons and Complaint on Defendants. *See* Order of Service, Apr. 28, 2011, ECF No. 7. At that time we noted that "If service has not been made within the 120 days, and Plaintiff has not requested an extension of time to serve within that 120 days, the Complaint may be dismissed for failure to prosecute, pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure." *Id.* at 3–4.

    Plaintiff amended his complaint on July 25, 2011, and an amended service package was sent to Plaintiff on August 11, 2011. *See* ECF No. 10.

    On September 12 and 13, 2012, Plaintiff submitted Notices of Motion to allow for an extension of time to serve nineteen of the defendants and asked for default judgment against them. *See* ECF Nos. 12–42.

    On October 1, 2012, we granted Plaintiff an extension of time for 120 days to serve all Defendants. *See* Order, Oct. 1, 2012, ECF No. 43. An Amended Summons was sent to Plaintiff on October 9.

    On April 4, 2013, we ordered Plaintiff to write to the Court explaining whether his attempts at service are compatible with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Rule 4 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1608. *See* Order, Apr. 4, 2013, ECF No. 44.

    In a letter dated April 21, 2013, Wells asserts that service was made on the Republic of the Seychelle and Ronald Jumeau and that Tony Alcindor, the "Chief Process Server of the Supreme Court of Seychelles," will serve the summons and certify service on payment of $1,500. *See* Letter 1–3, Apr. 30, 2013, ECF No. 45. Wells also moves for default judgment, *id.* at 2, 6–7, but has not obtained a clerk's certificate of default or filed proof of service. Rather, Wells presents the Court with a form requesting a certificate and a "proof of service" form that asserts that the Ambassador of Seychelles was served by certified mail in New York. *Id.* at 5, 9.

While there is a 120-day time limit to serve defendants in most actions under Rule 4(m) of the Federal Rules of Civil Procedure, that time limit "does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)." Fed R. Civ. P. 4(m). However, "[t]his exclusion 'does not mean that the plaintiff enjoys an unlimited amount of time to effectuate service;' [instead], a plaintiff is entitled to a 'reasonable time' to exercise due diligence to serve the foreign defendant." *In re Bernard L. Madoff Inv. Sec. LLC*, 418 B.R. 75, 83 (Bankr. S.D.N.Y. 2009) (quoting *In re Teligent, Inc.*, Nos. 01-12974 & 03-3577, 2004 WL 724945, at *3 (Bankr. S.D.N.Y. Mar. 30, 2004)). More than two years into the litigation, Wells has not served the Defendants and has not shown that his attempts at service comply with the relevant rules despite our request for Wells to show he was complying with those rules. Therefore, Wells' motion for default judgment is DENIED and the case is DISMISSED.

The Clerk of Court is ordered to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: May 6, 2013
New York, NY

_____
U.S.D.J.